**WARREN TERZIAN LLP**
Dan Terzian (SBN 283835)
*dan.terzian@warrenterzian.com*
Erick Kuylman (SBN 313202)
erick.kuylman@warrenterzian.com
700 S. Flower St., Suite 1000
Los Angeles, CA 90017
T: (213) 410-2620

*Counsel for Defendant*
*Ari Kahn*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Christopher Williams**; **Legacy Global Development LLC**,<br><br>Plaintiffs,<br><br>v.<br><br>**Thomas Kula**; **Joanne Kula**; **Elizabeth Diaz**; **Kathi Osteen**; **Stephen Honeybill**; **Lindsey Stewart**; **Theresa Raglen**; **Roger "Ari" Kahn**; and **Does 1-20**, inclusive,<br><br>Defendants. | Case No. 3:20-cv-01120-GPC-AHG<br><br>Hon. Gonzalo P. Curiel<br><br>**Defendant Ari Khan's Memorandum of Points & Authorities in support of Motion to Seal Certain Information Submitted with Kahn's Special Motion to Strike (CCP § 425.16) or, alternatively, Motion to Dismiss for Lack of Personal Jurisdiction**<br><br>Judge: Hon. Gonzalo P. Curiel<br>Courtroom: 2D<br>Hearing date: August 14, 2020<br>Hearing time: 1:30 PM |

## INTRODUCTION

Defendant Ari Khan has filed an anti-SLAPP motion and supporting exhibits that reference certain Orchid Bay financial numbers from at least four years ago, as well as information relating to Orchid Bay's business information.

With one exception, this information should ***not*** be sealed (with one limited exception).[1] The information is stale. There are not serious confidentiality concerns. And the compelling-reasons sealing standard for dispositive motions is high.

Khan nevertheless brings this motion because Plaintiffs are now the owners of Orchid Bay. They may claim that a confidentiality provision in a contract somewhere mandates sealing. So in an abundance of caution, Kahn submits this motion for sealing in the event Plaintiffs wish to attempt to seal this information.

## BACKGROUND

This is a defamation case where some of the alleged defamatory statements relate to the finances of Orchid Bay, a company owned and run by Plaintiffs. All of the documents sought to be sealed relate to Plaintiffs' finances and thus are directly at issue in this case.

The documents subject to this sealing motion are:

- Portions of Kahn's Memorandum of Points and Authorities in support of his anti-SLAPP motion (the highlighted portions only, which generally are certain financial numbers) (attached as Exhibit BA);

- Portions of Kahn's declaration in support of his anti-SLAPP motion (the highlighted portions only, which generally are certain financial numbers) (attached as Exhibit BB);

- Exhibit U1: Summary balance sheet;

- Exhibit U2: Balance sheet;

- Exhibit Y: Financial highlights;

---

[1] One limited exception: A portion of Exhibits AB, AC, and AK reference payments by individual Orchid Bay customers who are not parties to this case. Their names should be redacted from the public record.

1 - Exhibit Z: Consolidated balance sheet;
2 - Exhibit AA: Account statement;
3 - Exhibit AB: Orchid Bay July 16 purchase contract;
4 - Exhibit AC: Orchid Bay July 7 purchase contract;
5 - Exhibit AE: April 13 promissory note;
6 - Exhibit AF: February 14 promissory note;
7 - Exhibit AG: September 28 promissory note; and
8 - Exhibit AK: Audit log.

The highlights in the memorandum (Exhibit BA) and the declaration (Exhibit BB) show the redactions that were made from the document that was already publicly filed at ECF Nos. 3 and 4.

All of these documents, save three, comprise entirely general financial information that is least four years old.

Three documents—Exhibits AB, AC, and AK—also contain information associating individual Orchid Bay customers with specific financial transactions.

## STANDARD OF REVIEW

"[C]ourts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Thus, in assessing a motion to seal, the starting point is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet

this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of [the] case." *Ctr. for Auto Safety*, 809 F.3d at 1101. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (applying compelling reasons standard to dispositive motions). That is, the party must "articulate [ ] compelling reasons supported by specific factual findings," *Foltz*, 331 F.3d at 1135, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

## ARGUMENT

### I. The Compelling Reasons Standard Applies Because the Sealing Relates to a Dispositive Motion.

Here, the Motion to Seal relates to Khan's Special Motion to Strike. A motion to strike generally involves considerations that are enmeshed in factual and legal issues comprising a plaintiff's claims. *See Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 317CV01118BENBLM, 2019 WL 1590470, at *2 (S.D. Cal. Apr. 12, 2019) (applying the compelling reason standard to Daubert motion to strike and denying plaintiff's motion to seal). Moreover, courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Thus, Khan's Motion to Strike is more than tangentially related to the merits of the case, and the compelling reasons standard applies.

### II. Legacy Cannot Meet Its Burden to Seal, and the Court should order public filing in full on the vast majority of documents.

Legacy cannot meet the threshold compelling reasons standard on the vast majority of documents. Accordingly, the Court should order public filing, in full, of: the

Memorandum of Points & Authorities in support of his anti-SLAPP motion (Exhibit BA), Kahn's declaration in support of his anti-SLAPP motion (Exhibit BB); Exhibit U1, Exhibit U2, Exhibit Y, Exhibit Z, Exhibit AA, Exhibit AE, Exhibit AF, and Exhibit AG.

The information contained in Khan's Memorandum of Points and Authorities consists solely of historical financial data relating to Orchid Bay. More specifically, in seeking to strike Plaintiffs' claims against him, Khan identifies how much money was initially invested in Orchid Bay; a snapshot of the companies' financial health in 2015; an excerpt of a sales contract which references Legacy's required investment capital; the companies' assets (cash, accounts receivable, and available line of credit) at the time of sale to Legacy; the amount Williams was responsible for collecting upon assuming control of Orchid Bay; and the value of Orchid Bay's bank accounts in August and September 2016.

When financial information is general in nature—as it is presented in Khan's memorandum of points and authorities—courts do not find a compelling reason to redact the information. *See U.S. ex rel. Lockyer v. Hawaii Pac. Health*, No. CIV. 04-00596 ACK-LE, 2007 WL 128853, at *1 (D. Haw. Jan. 10, 2007) (finding plaintiff failed to articulate a compelling reason why his estimated salary in dollars should be sealed); *see also Kowalski v. Mommy Gina Tuna Res.*, No. 05–00679–BMK, 2009 WL 1227878, at *2 (D. Haw. April 30, 2009) (finding that "it is unclear how Defendants' profit information alone has 'independent economic value' or how publication would allow competitors to undercut Defendants' prices or impact Defendants' reputation in the marketplace."). Khan is not revealing Plaintiffs' detailed financial data, such as their full balance sheets. *See Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, No. C 12-1971 CW, 2013 WL 4049686, at *2 (N.D. Cal. Aug. 8, 2013) (denying motion to seal because plaintiff failed to state how he would be harmed by the public disclosure of past balance sheets and investors identities). The financial figures do not disclose Plaintiffs' confidential business strategies such that Plaintiffs' competitive standing could

be potentially harmed. *See Ehret v. Uber Techs., Inc.*, No. 14-CV-00113-EMC, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (denying motion to seal where no strategy was revealed by the contents of the blog). Therefore, there is no compelling reason to seal such information.

### III. The Court should allow sealing of the identifying information of Orchid Bay customers contained in Exhibits AB, AC, and AK.

The Court should allow sealing of certain information within three exhibits—AB, AC, and AK—to a limited extent. Those three exhibits identify certain Orchid Bay customers and links them to specific transactions (purchases of units; transfers of money for units). The identity of those customers has no real relevance to this lawsuit. What matters is that the transactions occurred. Therefore, it is appropriate to allow the redaction of those individuals' names, initials, and signatures from those documents.

To that end, Kahn submits Exhibits AB2, AC2, and AK2. These documents redact that information and are what he proposed should be filed on the public docket.

### CONCLUSION

The Court should generally deny sealing. It should order public filing, in full, of: the Memorandum of Points & Authorities in support of his anti-SLAPP motion (Exhibit BA), Kahn's declaration in support of his anti-SLAPP motion (Exhibit BB); Exhibit U1, Exhibit U2, Exhibit Y, Exhibit Z, Exhibit AA, Exhibit AE, Exhibit AF, and Exhibit AG.

The court should allow the individual customer names, initials, and signatures to be redacted from Exhibits AB, AC, and AK and allow the public filing of those documents to be in the redacted form proposed by Kahn.

| | |
|---|---|
| Dated: July 13, 2020 | **WARREN TERZIAN LLP** |
| | _____ |
| | Dan Terzian |
| | *Counsel for Defendant Ari Kahn* |