UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WILLIAMS and LEGACY GLOBAL DEVELOPMENT LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS KULA; JOANNE KULA; ELIZABETH DIAZ; KATHI OSTEEN; STEPHEN HONEYBILL; LINDSEY STEWART; THERESA RAGLEN; ROGER "ARI" KAHN; and DOES 1-20,<br><br>Defendants. | Case No.:   3:20-cv-1120-GPC-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PLAINTIFFS' REQUEST FOR DISCOVERY; and**<br><br>**(2) DEFERRING OTHER MOTIONS FOR RULING BY DISTRICT JUDGE**<br><br>**[ECF No. 33]** |

This matter comes before the Court on Plaintiffs' consolidated *Ex Parte* Motion to (1) Bifurcate Defendants' Special Motions to Strike and Motions to Dismiss for Lack of Personal Jurisdiction; (2) Continue the Hearing Date for the Special Motions to Strike; and (3) Grant Plaintiffs Discovery During the Continuance of Defendants' Special Motions to Strike. ECF No. 33.

This Order concerns solely the third of these motions, which seeks discovery. All other requests in the consolidated motion shall be decided by the presiding District Judge and are accordingly **DEFERRED** for his consideration.

For the reasons that follow, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion for discovery on Defendants' anti-SLAPP motions and for jurisdictional discovery.

## I.   BACKGROUND

Plaintiffs filed a Complaint in this matter on June 18, 2020, bringing claims for (1) Intentional Interference with Contractual Relations (against all Defendants); (2) Defamation (against Defendants Roger "Ari" Kahn, Thomas Kula, and Joanne Kula only); (3) Trade Libel (against Defendants Kahn, Thomas Kula, and Joanne Kula only); (4) Intentional Interference with Prospective Economic Relations (against all Defendants); and (5) Negligent Interference with Prospective Economic Relations (against all Defendants). ECF No. 1.

On July 13, 2020, Defendant Kahn filed a Special Motion to Strike pursuant to Cal. Code Civ. Proc. § 425.16, or, alternatively, Motion to Dismiss for Lack of Personal Jurisdiction (the "anti-SLAPP motion"). ECF No. 3. Defendant Kahn filed a Compendium of Evidence along with his anti-SLAPP motion, consisting of a publicly filed Supplemental Document made up of sixteen Exhibits (ECF No. 4), as well as another fifteen Exhibits filed under seal (ECF No. 6),[1] together totaling more than 300 pages. Among other materials, the Compendium of Evidence includes Declarations from all eight Defendants in this case, and another six Declarations from the prospective buyers mentioned by name in Plaintiffs' Complaint in connection with Plaintiffs' claims for Intentional Interference with Prospective Economic Relations and Negligent Interference with Prospective Economic Relations. *See* ECF Nos. 4-1 – 4-14; ECF No. 1 ¶¶ 62, 64, 89-94, 96-102.

On July 16 and July 17, 2020, Defendants Elizabeth Diaz, Stephen Honeybill, Kathi

---

[1] There is some overlap between the sealed documents and the public documents, as the materials filed under seal include the unredacted versions of Defendant Kahn's anti-SLAPP motion and his declaration. *See* ECF Nos. 5, 6. Defendant Kahn has also sought leave to file an audiorecording in support of his anti-SLAPP motion. ECF No. 7.

Osteen, Lindsey Stewart, and Theresa Raglen, who are all proceeding *pro se*, filed their own anti-SLAPP motions and memoranda in support, also seeking dismissal for lack of personal jurisdiction in the alternative. ECF Nos. 14, 15, 16, 17, 18, 25, 26, 27, 28, 29. The *pro se* anti-SLAPP motions are nearly identical to one another, and all five incorporate by reference "all declarations and supporting exhibits filed by any Defendant (specifically including the Compendium of Evidence filed by Defendant Kahn that includes undersigned's declaration)[.]" *See* ECF Nos. 14 at 2; 15 at 2; 16 at 3; 17 at 3; 18 at 2. Also on July 16, 2020, the Kula Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). ECF No. 19.

On August 3, 2020, Plaintiffs filed the motion presently before the Court. ECF No. 33. Relevant here, Plaintiffs argue they are entitled to discovery to respond to Defendants' fact-intensive anti-SLAPP motions in light of the voluminous Compendium of Evidence on which Defendants rely in support of their motions. *Id.* at 3-4. Specifically, Plaintiffs request a "90-day window[2] to marshal evidence to oppose the voluminous evidence presented in Defendants' Motions" and assert that, to oppose the motions, they need to: (1) depose all parties in this action and all non-parties who provided a declaration in support the motions, (2) propound Requests for Production of Documents on all Defendants; and (3) issue Subpoenas for Production of Documents on all non-parties who provided a declaration in support of Defendants' anti-SLAPP motions, and on any other non-party that may have evidence related to this case. *Id.* at 6-7.

In addition, Plaintiffs asked the Court to "bifurcate" its hearing on Defendants' 12(b)(2) motions to dismiss for lack of personal jurisdiction from its hearing on the anti-

---

[2] At the time Plaintiffs filed the motion at hand, their response to the anti-SLAPP motions was due by August 14, 2020, and the Court had set a hearing date of September 11, 2020. ECF No. 30. On August 11, 2020, the Court amended the briefing schedule to set a response deadline of September 11, 2020, a reply deadline of September 25, 2020, and a hearing date of October 23, 2020. ECF No. 41. However, it appears from the motion that Plaintiffs request 90 days to complete the requested discovery regardless.

SLAPP motions, by addressing the jurisdictional arguments without delay before considering the merits of the anti-SLAPP motions after the close of Plaintiffs' requested 90-day period to conduct discovery to properly oppose them. *Id.* at 4-6. In connection with this request, Plaintiffs noted that, in meet-and-confer efforts with Defendant Kahn's counsel, defense counsel indicated that it is his position that the personal jurisdiction inquiry can be folded into the second step of the anti-SLAPP analysis, which concerns whether Plaintiffs have established a probability of prevailing on their claims. *Id.* at 5. Although Plaintiffs disagree with that position, they argue that, *if* the Court is inclined to agree that the jurisdictional inquiry can be considered as part of the anti-SLAPP inquiry, Plaintiffs are also entitled to jurisdictional discovery regarding Defendants' contacts with California. *Id.* at 6.

On August 21, 2020, the Kula Defendants filed a Notice of Joinder in all of the pending Special Motions to Strike filed by the other Defendants (ECF Nos. 3, 14, 15, 16, 17, and 18). ECF No. 46. However, the Kula Defendants note that their Joinder is conditional due to their pending 12(b)(2) motion (ECF No. 19) and request that the Court address their motion challenging personal jurisdiction on October 23, 2020, regardless of whether the Court decides to postpone hearing the anti-SLAPP motions to allow Plaintiffs time to conduct discovery. ECF No. 46 at 2. Although they take no express position on whether the jurisdictional analysis can be "folded into" the anti-SLAPP inquiry, the Kula Defendants' request that the Court reach the jurisdictional question first even if the Court continues the hearing on the anti-SLAPP motions indicates they prefer the issue be decided outside the framework of the anti-SLAPP inquiry.

## II.   LEGAL STANDARD

Under California law, a "SLAPP" suit—a "strategic lawsuit against public participation"—is one that "seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances." *Rusheen v. Cohen*, 128 P.3d 713, 717 (Cal. 2006). California's anti-SLAPP statute was thus enacted by the legislature "to provide a procedural remedy to dispose of lawsuits that are brought

to chill the valid exercise of constitutional rights." *Id.* The anti-SLAPP statute provides in pertinent part:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. Proc. § 425.16(b)(1).

Accordingly, once the Court determines whether the claims at issue are within the scope of the anti-SLAPP statute, the burden then shifts to the plaintiffs to show a probability that they will prevail on their claims in order to defeat the special motion to strike. *Id.*

"In the anti-SLAPP context, 'probability' is a low bar." *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1163 (9th Cir. 2011). Specifically, to overcome an anti-SLAPP motion to strike,

> . . . the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited. In deciding the question of potential merit, the trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant; though the court does not weigh the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.

*Id.* (quoting *Manufactured Home Communities, Inc. v. Cty. of San Diego*, 655 F.3d 1171, 1176–77 (9th Cir. 2011)).

Depending on the nature of the challenge to the plaintiff's complaint, a defendant's anti-SLAPP motion may be treated as either a 12(b)(6) motion to dismiss or a motion for summary judgment under Rule 56. Specifically, the Ninth Circuit has held that "when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether

a claim is properly stated." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018), and *cert. denied sub nom. Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*, 139 S. Ct. 1446 (2019). In such a case where the defendants have merely challenged the sufficiency of the pleadings, "then the plaintiff can properly respond merely by showing sufficiency of the pleadings, and there's no requirement for a plaintiff to submit evidence to opposed contrary evidence that was never presented by defendants." *Id.* However, "on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply. But in such a case, discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court." *Id.*

## III.   DISCUSSION

### A. <u>Whether to permit Plaintiffs factual discovery to combat the anti-SLAPP motions</u>

Plaintiffs rely on *Planned Parenthood* to argue they are entitled to discovery because Defendants' anti-SLAPP motions attack the factual sufficiency of the Complaint. ECF No. 33 at 3-4. Plaintiffs note that the motions "incorporate over 300 pages of supporting documentation[,]" and that "offering such a high volume of supporting evidence" marks Defendants' challenge as a factual one. *Id.* at 4. The Compendium of Evidence is primarily offered to support Defendants' position on the second prong of the anti-SLAPP inquiry that Plaintiffs' probability of success on the merits is low. Specifically, Plaintiffs note that the motions and supporting evidence dispute factual issues in the Complaint "such as Defendant Kahn's leadership of the conspiracy against Plaintiffs, the basis for the Defendants' good faith belief in the truth of the defamatory statements at issue, and Defendants' knowledge of Plaintiffs' business relations . . . as a means of negating Plaintiffs' probability of success." *Id.*

Defendants oppose Plaintiffs' request for discovery, arguing that no right to discovery "automatically vests with the filing of an anti-SLAPP motion targeting the

factual sufficiency of the complaint." ECF No. 38 at 6. Instead, Defendants assert that a plaintiff seeking discovery to challenge an anti-SLAPP motion under the Rule 56 standard must "explain with particularity why it is unable to oppose the motion, state with specificity what facts it intends to seek through discovery, and show how its discovery efforts are reasonably expected to create a triable issue." *Id.* at 7 (quoting *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1102 (C.D. Cal. 2004)). Meeting that burden "requires affidavits setting forth the particular facts expected from the movant's discovery." ECF No. 38 at 7 (quoting *Gressett v. Contra Costa Cty.*, No. 12-cv-3798, 2013 WL 2156278, at \*35 (N.D. Cal. May 17, 2013)). Defendants argue Plaintiffs have not met that burden here, because they have not identified with specificity the facts they hope to uncover, the categories of information they seek to explore, why those categories are relevant to opposing the merits of the anti-SLAPP motions, or whether the information sought is not already known to them. ECF No. 38 at 7-8.

Defendants' reliance on these cases is not entirely apposite, and many of the cases they cite have been impliedly overruled by *Planned Parenthood*. Previously, courts in this Circuit were split on the question of whether California's anti-SLAPP statute conflicted with the Federal Rules of Civil Procedure, insofar as the statute provides for an automatic stay of discovery upon filing of a notice of an anti-SLAPP motion, unless the Court, "on noticed motion and for good cause shown," determines that "specified discovery should be conducted notwithstanding this subdivision." Cal. Code Civ. Proc. § 425.16(g). Indeed, in the *Lavasoft* case relied on by Defendants, after finding that the anti-SLAPP statute and Rule 56 "do not directly conflict[,]" the court expressly notes that "[o]ne case from this district has reached a contrary conclusion, based [on] its view of the Supreme Court's interpretation of Rule 56. *Rogers v. Home Shopping Network*, 57 F. Supp. 2d 973, 979-80 (C.D. Cal. 1999)."

In *Rogers*, the district court explained that subsections (f)[3] and (g) of the anti-SLAPP statute together "create a default rule that allows the defendant served with a complaint to immediately put the plaintiff to his or her proof before the plaintiff can conduct discovery." 57 F. Supp. 2d at 980. "Only by noticed motion [and for] good cause shown will a court disturb this default rule by continuing the hearing regarding the special motion ***and even then the court will only allow 'specified' discovery***." *Id.* (emphasis added). *See also id.* n.2 (explaining that "California courts have strictly applied these requirements" and citing to a case in which the court denied further discovery when the plaintiff "did not 'explain what additional facts he expects to uncover, or why such far-ranging discovery is necessary to carry his burden'") (quoting *Sipple v. Found. for Nat'l Progress*, 83 Cal. Rptr. 2d 677, 690 (Cal. Ct. App. 1999)). The *Rogers* court concluded that, "[i]f this expedited procedure were used in federal court to test the plaintiff's evidence before the plaintiff has completed discovery, ***it would collide with Federal Rule of Civil Procedure 56***." 57 F. Supp. 2d at 980 (emphasis added).

In the 2018 *Planned Parenthood* decision, the Ninth Circuit sides with the *Rogers* court on this question. *See Planned Parenthood*, 890 F.3d at 834 ("We agree with the reasoning and result in the district court's *Rogers* decision."). As noted, the *Planned Parenthood* court adopted the rule that where, as here, "an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply. But in such a case, ***discovery must be allowed***, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the

---

[3] Subsection (f) of the anti-SLAPP statute provides that an anti-SLAPP motion to strike:

> . . . may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing.

court." *Id.* (emphasis added). The court explained that a contrary reading of the anti-SLAPP provisions "would lead to the stark collision of the state rules of procedure with the governing Federal Rules of Civil Procedure[,]" and that the federal rules must prevail. *Id.*

In other words, Defendants' contention that there is no right to discovery that "automatically vests with the filing of an anti-SLAPP motion targeting the factual sufficiency of the complaint" relies substantially on cases that were either applying the good cause and specificity requirements of § 425.16(g), or otherwise conflating those requirements with the less-strict requirements of Rule 56(d). *See Gresset*, 2013 WL 2156278, at *35 (finding the "good cause" showing of § 425.16(g) was not met where the plaintiff "does not identify what facts he would hope to uncover"); *Lavasoft*, 356 F. Supp. 2d at 1102 (finding no conflict between the "good cause" standard of § 425.16(g) and the provisions of Rule 56, before determining that the plaintiff had met neither standard because, first, it had not "stated with any degree of specificity what discovery it needs" and, second, "most of the information sought . . . has little bearing on the issues raised in [the anti-SLAPP] motion[,]" and thus the plaintiff had not shown the discovery was essential to its opposition under Rule 56(d)).

The other cases Defendant cites are not on point for other reasons. For example, the court in *Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, No. 10CV677JLS AJB, 2010 WL 3911477, at *1-*2 (S.D. Cal. Oct. 4, 2010) denied a defendant's request for discovery on an anti-SLAPP motion against the defendant's counterclaim, because the motion challenged only the legal sufficiency of the counterclaim. Thus, there was "no need to consider evidence beyond the pleadings" in deciding the motion. *Id.* at *1. While the *Weiland* court acknowledged an issue in the anti-SLAPP motion regarding whether the plaintiff was acting in good faith might in some instances require discovery to oppose, the court concluded that the defendant's proffered reason why the plaintiff was ***not*** acting in good faith was actually irrelevant to the question of good faith. *Id.* at *2. Accordingly, the court decided discovery was not essential for the defendant to oppose that issue, and applied a 12(b)(6) standard instead of a Rule 56 standard to the

anti-SLAPP motion. Similarly, the *Roberts* court found discovery was not essential to a plaintiff's opposition to an anti-SLAPP motion, because the motion was properly decided based on a purely legal statute of limitations analysis under the single-publication rule in Cal. Civ. Code § 3425.3. *Roberts*, 660 F.3d at 1169. Therefore, applying an abuse-of-discretion standard, the Ninth Circuit found the district court did not err by denying the plaintiff discovery because Rule 56 "requires discovery only 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'" *Id.* (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001)).

Nonetheless, Defendants are correct that Rule 56(d) requires some threshold showing by the party seeking discovery that, "for specified reasons, it cannot present facts essential to its opposition" without the discovery requested. Fed. R. Civ. P. 56(d); *see also Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986). ("Rule 56[(d)] requires affidavits setting forth the particular facts expected from the movant's discovery"). Plaintiffs' request for discovery includes deposing all parties in this action and all non-parties who provided a declaration, serving requests for production of documents on all Defendants, and serving subpoenas for production of documents on all non-parties who provided a declaration ***and*** any other non-party "that may have evidence related to this case." ECF No. 33 at 7. This is much too broad of a request, and would amount to permitting Plaintiffs to conduct nearly all discovery needed for the case before the anti-SLAPP motions are decided. Further, this far-reaching request is not tied with specificity to the factual attacks on the Complaint in Defendants' anti-SLAPP motions, which Plaintiffs previously correctly identify in their motion for discovery as factual attacks regarding "Defendant Kahn's leadership of the conspiracy against Plaintiffs, the basis for the Defendants' good faith belief in the truth of the defamatory statements at issue, and Defendants' knowledge of Plaintiffs' business relations[.]" *Id.* at 4.

In short, Plaintiffs' request for discovery is extremely overbroad and cannot be granted in full. But the Court must weigh that consideration against the directive in *Planned Parenthood* that discovery "must" be allowed to combat an anti-SLAPP motion that

challenges the factual sufficiency of the complaint. 890 F.3d at 834. The anti-SLAPP motions filed by Defendants here do exactly that. Therefore, the Court will **GRANT** Plaintiffs' request **IN PART**, based on its own review of the Complaint, the anti-SLAPP motions, and the Compendium of Evidence on which the motions rely.

## B. <u>The scope of permitted factual discovery</u>

Upon its own review, the Court has identified three general categories of factual challenges to the Complaint in Defendant Kahn's anti-SLAPP motion and supporting Compendium of Evidence:[4] (1) facts challenging whether Defendant Kahn is the leader of a conspiracy against Plaintiffs; (2) facts challenging whether the purportedly defamatory statements included in the Complaint were substantially true and/or whether Defendants had a good-faith belief in the truth of the statements at issue; and (3) facts challenging the factual bases of Plaintiffs' tortious interference claims (i.e., whether Defendants' alleged statements were a substantial factor in causing the lost business opportunities identified in the Complaint, whether Defendants knew of Plaintiffs' economic relationships with the prospective buyers identified in the Complaint, and whether Defendants' alleged statements prevented performance of any of Plaintiffs' existing contracts). *See* ECF No. 3-1 at 21-26 (Defendant Kahn's factual attacks on the Complaint); *see also generally* ECF Nos. 4-1 – 4-8 (Declarations of all Defendants), 25 – 29 (*pro se* Defendants' memoranda in support of their anti-SLAPP motions).

---

[4] Each of the *pro se* Defendants' memoranda in support of their anti-SLAPP motions incorporate Defendant Kahn's anti-SLAPP motion by reference "in full." *See* ECF Nos. 25, 26, 27, 28, 29. Each motion also contains a footnote explaining that the *pro se* Defendants "received material assistance from Kahn's counsel in preparing this motion and concurrently filed evidence." To the extent the *pro se* Defendants present independent fact-based arguments in their motions, they rely on Kahn's and their own Declarations, which are included in the Compendium of Evidence offered in support of the Kahn anti-SLAPP motion. *See* ECF Nos. 4-1, 4-4, 4-5, 4-6, 4-7, 4-8. Therefore, in determining the appropriate scope of discovery, the Court's focus is on the factual challenges to the Complaint in Defendant Kahn's anti-SLAPP motion and Compendium of Evidence, including the Declarations.

3:20-cv-1120-GPC-AHG

These categories correspond with what Plaintiffs identify in their motion for discovery as factual issues disputed by Defendants in the anti-SLAPP motions—whether Defendant Kahn is behind a conspiracy to retake Orchid Bay or otherwise directed or encouraged a campaign against Plaintiffs in the Orchid Bay homeowners Facebook group where the purportedly defamatory statements were made, the basis for the Defendants' good-faith belief in the truth of the defamatory statements at issue, and Defendants' knowledge of Plaintiffs' business relations with third parties. ECF No. 33 at 4.

Therefore, the Court **GRANTS** Plaintiffs' request for merits discovery on these three categories of factual issues raised in the anti-SLAPP motions. The Court will outline the rest of the scope of discovery after addressing Plaintiffs' request for jurisdictional discovery.

Plaintiffs' request to serve discovery on non-parties is **DENIED**. In the motion seeking discovery, Plaintiffs give no explanation why serving subpoenas on these non-parties or on "any other non-party that may have evidence related to this case" is essential to their opposition to the anti-SLAPP motions, as required by Rule 56(d). And upon independent review, the Court finds that such discovery is not essential. Although Defendants rely on the Declarations of non-party prospective buyers in support of the anti-SLAPP motions, Defendants' factual challenges to the Complaint based on those Declarations concern Defendants' knowledge of Plaintiffs' business relations with those prospective buyers, and Defendants' communications with those prospective buyers. *See* ECF No. 3-1 at 26; ECF Nos. 25 at 4; 26 at 3-4; 27 at 4; 28 at 3; 29 at 3. Defendants can be directly questioned on these issues.

### C. Whether to permit Plaintiffs jurisdictional discovery

In the motion at hand, Plaintiffs also ask the Court to "bifurcate" the hearing on Defendants' motion to dismiss based on lack of personal jurisdiction under Rule 12(b)(2) and the hearing on Defendants' anti-SLAPP motion attacking the factual sufficiency of the complaint, although Defendants raise these arguments in the same briefs. Alternatively, if the Court is inclined to agree that the jurisdictional inquiry can be folded into the second

prong of the anti-SLAPP inquiry, Plaintiffs request leave to conduct jurisdictional discovery into Defendants' contacts with California. ECF No. 33 at 4-6.

The undersigned does not have the authority to determine whether the District Judge considers these dispositive motions together, or instead grants Plaintiffs' request to hear Defendants' 12(b)(2) motions on the current hearing date of October 23, 2020, while continuing the hearing on the merits arguments in the anti-SLAPP motions. Therefore, the Court **DEFERS** ruling on the specific request to bifurcate the hearings for ruling by the District Judge. Nonetheless, assuming without deciding that the District Judge decides to hear the issues at the same time, the undersigned will evaluate whether jurisdictional discovery should also be permitted in the interim.

Plaintiffs argue that if—as Defendants urge—the Court considers whether it lacks personal jurisdiction over Defendants as part of its inquiry into whether Plaintiffs have "established that there is a probability that [they] will prevail" on their claims under California's anti-SLAPP statute, Plaintiffs thus have a right to discovery on Defendants' fact-based jurisdictional arguments pursuant to the rule in *Planned Parenthood* that discovery must be allowed where an anti-SLAPP motion presents factual challenges to the complaint. 890 F.3d at 834; Cal. Code Civ. Proc. § 425.16(b)(1); ECF No. 33 at 6.

"[T]he party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (citing *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936)). The Ninth Circuit has explained that "the mere allegations of the complaint, when contradicted by affidavits, are [not] enough to confer personal jurisdiction of a nonresident defendant. In such a case, facts, not mere allegations, must be the touchstone." *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967). Accordingly, courts are not bound to accept allegations in a complaint supporting the plaintiff's assertion of personal jurisdiction if they "are challenged in any appropriate manner[,]" including by affidavit or declaration. *Id.* For that reason, jurisdictional discovery "may appropriately be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a

more satisfactory showing of the facts is necessary." *Data Disc*, 557 F.2d at 1285 n.1 (citation omitted).

However, a request for jurisdictional discovery that is "based on little more than a hunch that it might yield jurisdictionally relevant facts" may be properly denied. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (citing *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) for the proposition that it is not an abuse of discretion to refuse jurisdictional discovery where the plaintiffs "state only that they 'believe' discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction"). Plaintiffs' request for leave "to conduct discovery into Defendants['] contacts with California" is just such a request. ECF No. 33 at 6. Not only is it based on "little more than a hunch" that the discovery might yield jurisdictionally relevant facts, as discussed further below, Plaintiffs' request is also untethered from the specific asserted basis of personal jurisdiction in the Complaint and the facts presented by Defendants to controvert the facts bearing on that basis. Consequently, the Court **DENIES** the request for broad jurisdictional discovery into Defendants' contacts with California generally.

Nevertheless, the Court agrees with Plaintiffs that insofar as Defendants seek to have the personal jurisdiction inquiry "folded into" the anti-SLAPP analysis, Plaintiffs must be granted some jurisdictional discovery regarding any of the ***factual*** challenges Defendants make to contest the basis of personal jurisdiction stated in the Complaint. The basis for personal jurisdiction stated in the Complaint is that Defendants "aimed their conduct at the State of California." ECF No. 1 ¶ 15. In turn, Defendants' factual challenges to this asserted basis of personal jurisdiction include statements regarding: (1) where the allegedly defamatory statements were made; (2) the location of the intended audience of the statements; (3) whether any of the alleged defamatory statements were made to anyone outside of the Orchid Bay residential community; and (4) the nature of the Facebook group where the offending statements were purportedly made, including whether it is private and

who has access to the group to read the comments written there.[5] *See* ECF Nos. 25 at 4; 26 at 4; 27 at 4-5; 28 at 3-4; 29 at 3-4; Kahn Decl. ¶ 74; T. Kula Decl. ¶¶ 37, 39; J. Kula Decl. ¶¶ 15, 17; Honeybill Decl. ¶ 19;  Osteen Decl. ¶¶ 19-21; Diaz Decl. ¶¶ 17, 19; Raglen Decl. ¶¶ 15, 17; Stewart Decl. ¶¶ 11-12, 15.

Therefore, *if* the District Judge denies Plaintiffs' motion to bifurcate the hearings on the 12(b)(2) motions to dismiss for lack of personal jurisdiction and the anti-SLAPP motions and opts to hear all issues together, the Court **GRANTS** Plaintiffs' request to conduct jurisdictional discovery in addition to the limited discovery on the merits-based factual challenges to the sufficiency of the Complaint. However, any such jurisdictional discovery will be limited to the facts in the Defendants' declarations and anti-SLAPP motions regarding whether Defendants' conduct identified in the complaint was aimed at California, including (and limited to) the four categories of factual challenges enumerated above. No discovery on Defendants' contacts with California generally will be permitted.

If, however, the District Judge denies the request to bifurcate the hearings and declines to fold the jurisdictional inquiry into the anti-SLAPP inquiry, Plaintiffs' request for jurisdictional discovery is moot.

### D. <u>Scope of permitted discovery</u>

As discussed above, the merits discovery requested by Plaintiffs to oppose the anti-SLAPP motions is far too broad. Under the Rule 56(d) standard that applies here, discovery needed to oppose an anti-SLAPP motion challenging the factual sufficiency of a complaint is limited to discovery essential to plaintiff's opposition. Fed. R. Civ. P. 56(d). Therefore,

---

[5] Although Defendants' declarations and anti-SLAPP motions also include information regarding, e.g., where they are domiciled, whether they have traveled to or done business in California related to the Orchid Bay community, and whether they own property in California, these statements do not present a factual challenge to the Complaint. In the Complaint, Plaintiffs do not assert that any Defendants are domiciled in California, or that this Court can exercise personal jurisdiction over any of the Defendants because they have traveled to California or otherwise done business in the State in connection with the conduct alleged in the Complaint.

the merits-based fact discovery on the anti-SLAPP motions is limited to the following three categories of factual challenges raised by the anti-SLAPP motions: (1) facts in the anti-SLAPP motions and/or Defendants' supporting declarations challenging whether Defendant Kahn is the leader of a conspiracy against Plaintiffs; (2) facts in the anti-SLAPP motions and/or Defendants' supporting declarations challenging whether the purportedly defamatory statements included in the Complaint were substantially true and/or whether Defendants had a good-faith belief in the truth of the statements at issue; and (3) facts in the anti-SLAPP motions and/or Defendants' supporting declarations challenging the factual bases of Plaintiffs' tortious interference claims.

Moreover, any jurisdictional discovery must be limited to the facts in the Defendants' declarations and anti-SLAPP motions regarding whether Defendants' conduct identified in the Complaint was directed at California. These factual issues are limited to Defendants' statements regarding: (1) where the allegedly defamatory statements were made; (2) the location of the intended audience of the statements; (3) whether any of the alleged defamatory statements were made to anyone outside of the Orchid Bay residential community; and (4) the nature of the Facebook group where the offending statements were purportedly made, including whether it is private and who has access to the group to read the comments written there. **Plaintiffs are not permitted to take general discovery on Defendants' contacts with California.**

Other discovery limitations are as follows:

(1) Plaintiffs may take no more than **two depositions** of any of the eight Defendants in this matter. Plaintiffs may choose which Defendant(s) to depose.

(2) Plaintiffs are limited to a **total of seven hours** to take the depositions, to be divided between the depositions as they choose.

(3) Plaintiffs may serve **four Interrogatories** and **four Requests for Production** on *each* Defendant (for a total of no more than 32 Interrogatories and 32 Requests

for Production).[6] This written discovery can go to *all issues*, including personal jurisdiction.

Plaintiffs shall be permitted **60 days** to take the above-described discovery.

Plaintiffs may not serve any discovery on non-parties, but may ask Defendants about their communications with prospective buyers. These discovery limits apply to discovery on both the anti-SLAPP and jurisdictional issues. Plaintiffs may not serve any discovery beyond these limits, even if the District Court denies Plaintiffs' motion to bifurcate.

## IV.   CONCLUSION

For the reasons explained above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Grant Plaintiffs Discovery During the Continuance of Defendants' Special Motions to Strike included in Plaintiffs' consolidated *Ex Parte* Motion. ECF No. 33. Plaintiffs shall have **60 days** from the date of this Order to engage in limited merits-based discovery necessary to oppose Defendants' anti-SLAPP motions.

*If* the District Judge denies Plaintiffs' motion to bifurcate the hearings on the 12(b)(2) motions to dismiss for lack of personal jurisdiction and the anti-SLAPP motions and opts to hear all issues together, the Court **GRANTS** Plaintiffs' request to conduct limited jurisdictional discovery on Defendants' factual challenges to the asserted basis of personal jurisdiction in the Complaint. If, instead, the District Judge denies the request to bifurcate the hearings and declines to fold the jurisdictional inquiry into the anti-SLAPP inquiry, Plaintiffs' request for jurisdictional discovery will become moot. **In such a case, the Court's grant of jurisdictional discovery in this Order shall be vacated by its own terms.**

In conducting both merits-based and jurisdictional discovery to oppose Defendants'

---

[6] Although the Kula Defendants did not file an anti-SLAPP motion, their Notice of Joinder in the other Defendants' anti-SLAPP motions and the supporting factual evidence in their Declarations warrant permitting Plaintiffs to serve discovery related to these factual challenges on them as well.

anti-SLAPP motions, Plaintiffs are strictly bound by the limitations outlined in Section III.D above.

The other motions included in the consolidated *ex parte* motion (ECF No. 33)—Plaintiffs' Motion to Bifurcate Defendants' Special Motions to Strike and Motions to Dismiss for Lack of Personal Jurisdiction, and Plaintiffs' Motion to Continue the Hearing Date for the Special Motions to Strike—shall be decided by the presiding District Judge and are accordingly **DEFERRED** for his consideration.

**IT IS SO ORDERED.**

Dated:  August 26, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge